IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COFACE COLLECTIONS NORTH AMERICA, INC., | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 11-52-LPS |
| v. | ) ) ) | |
| WILLIAM J. NEWTON, | ) ) | |
| Defendant. | ) | |

**DEFENDANT WILLIAM J. NEWTON'S MOTION FOR LEAVE TO TAKE
*DE BENE ESSE* DEPOSITIONS OF WITNESSES UNAVAILABLE FOR TRIAL**

The defendant, William J. Newton ("Mr. Newton"), respectfully seeks leave to take *de bene esse* depositions of non-party witnesses who are unable to attend trial the week of April 8, 2013. In support of this motion, Mr. Newton states as follows:

### BACKGROUND

1. This action was filed by Coface Collections North America, Inc. ("Coface") against Mr. Newton to enforce a restrictive covenant contained in an Asset Purchase Agreement between the parties for the sale of a debt collection business. Coface filed its complaint in January 2011 after Mr. Newton officially took control of a competing collection agency in Louisiana.

2. Coface has alleged that it suffered damages because Mr. Newton improperly solicited for employment and ultimately caused five Coface employees, including Harold J. Ernest ("Ernest"), Mary Ellen Jacques ("Jacques"), Theresa Janae Lauricella ("Lauricella"), John William Watson ("Watson") and Corrie Marie Landry ("Landry") (collectively, the "Former Coface Employees"), to leave Coface. (D.I. 44 at ¶ 34; D.I. 164 at A-531-537.)

3. During fact discovery, Mr. Newton produced affidavits from each of the Former Coface Employees, which affidavits indicate that these employees were frustrated with Coface and were seeking employment at other agencies. (D.I. 164 at A-483-497.) The affidavits also confirm, contrary to Coface's allegations, that none of the Former Coface Employees left Coface because of Mr. Newton's purported solicitation. (*Id.*)

4. Coface elected not to depose the Former Coface Employees and maintains that "as a substantive matter, the anticipated testimony of [the Former Coface Employees] appears to be irrelevant to the claims and defenses in this action." (Ex. A.) As this Court has acknowledged, however, the testimony of these individuals is relevant to the matters remaining to be tried. This Court explained:

> ... it's not irrelevant in the Court's view as to why employees left Coface. In the Court's view, this goes directly to the amount of damages on the breach of contract and to whether there is any causal relationship to damages on all claims other than breach of contract, and, again, the amount of damages on all claims including breach of contract.

(May 17, 2012 Hearing Tr., Judge's Opinion, at 6.)

5. Each of the Former Coface Employees has indicated that it would be a significant hardship to travel to Wilmington, Delaware for trial. (*See* Ex. B, Affidavit of Corinne Elise Amato, Esquire, dated August 10, 2012.) They are, however, willing to be deposed at or near their homes or places of business, with the caveat that Landry will only be able to complete a brief telephone deposition during normal business hours. (*Id.*)

### MR. NEWTON SEEKS TO PRESERVE AND PRESENT RELEVANT TESTIMONY AT TRIAL

6. Mr. Newton is requesting leave to take *de bene esse* depositions of the Former Coface Employees in order to preserve their testimony and present it at trial. Courts have weighed the following factors when considering similar requests: (1) "whether the deposing

party knew the information the potential witness[es] would testify to prior to the deposition[s]"; (2) "the unavailability of the witness[es] for trial"; and (3) "the potential for prejudice to the opposing party." *See e.g. Estate of Gee v. Bloomington Hosp. & Health Care Sys., Inc.*, 2012 WL 729269, at *6 (S.D. Ind. Mar. 6, 2012); *see also Sepracor Inc. v. Dey L.P.*, 2009 WL 2970467, at *1 (D. Del. Sept. 15, 2009) (primarily considering the potential for prejudice to the plaintiff where the defendants sought depositions after the close of fact discovery). Each of these factors weighs in favor of granting Mr. Newton's request.

7. Mr. Newton is not seeking discovery depositions of the Former Coface Employees. Both Mr. Newton and Coface are aware of the substance of the Former Coface Employees testimony as it is set forth in detail in their affidavits. (D.I. 164 at A-483-497.) Thus, this request is made for the sole purpose of preserving the witnesses' anticipated and relevant testimony for trial. Many courts have been guided by this distinction when finding in favor of a party seeking a deposition to preserve testimony for trial after the discovery deadline has passed. *See e.g. Burket v. Hyman Lippitt, P.C.*, 2008 WL 1741875, at *3 (E.D. Mich. Apr. 11, 2008) (explaining that scheduling order date regarding completion of discovery "had nothing to do with the *de bene esse* depositions"); *E.E.O.C. v. Beauty Enters., Inc.*, 2008 WL 3892203, at *1-2 (D. Conn. July 9, 2008) (finding defendant's argument that *de bene esse* depositions were subject to the court's scheduling order unpersuasive); *RLS Assocs., LLC v. United Bank of Kuwait PLC*, 2005 WL 578917, at *6 (S.D.N.Y. Mar. 11, 2005) (describing a federal common law distinction between discovery depositions and preservation or trial depositions, thus allowing the latter to proceed even after the discovery deadline had passed).

8. Further, all of the Former Coface Employees are unable to attend trial and none may be compelled to appear. They are all currently located more than 100 miles outside of

Wilmington, Delaware.[1] Fed. R. Civ. P. 45(c)(3)(A)(ii) (providing that a court must quash or modify a subpoena that "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business"); *E.E.O.C.*, 2008 WL 3892203, at *2 (noting that the Second Circuit "has indicated that *de bene esse* depositions can be taken when a witness is simply outside the subpoena power of the court and cannot be compelled to testify at trial").

9. If the Court grants Mr. Newton leave to take these depositions, Coface will not suffer any prejudice. *Sepracor Inc.*, 2009 WL 2970467, at *1 (allowing depositions to proceed after the close of fact discovery where the plaintiff failed to "demonstrate[] any particular ways that it [would] be prejudiced by the Court allowing the depositions"); *Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 356 (D. Colo. 2001) (permitting preservation depositions notwithstanding that the discovery deadline had passed, where there was no prejudice or surprise). Coface has been aware of the Former Coface Employees' affidavits since September 19, 2011. (*See* D.I. 129, 130.) Because Coface chose not to depose the Former Coface Employees, it will be no more prejudiced by a deposition prior to trial than it would have been by the witnesses' live testimony. *See e.g. Estate of Gee*, 2012 WL 729269, at *7 (where defendants chose not to take a discovery deposition of the witness, they would be no more prejudiced by the *de bene esse* deposition than they would have been by the witness's live trial testimony); *Burket*, 2008 WL 1741875, at *3 (noting that witnesses' *de bene esse* deposition testimony would not surprise the opposing party where the witnesses' affidavit had been attached to a motion for summary judgment); *cf. McDermott v. Liberty Maritime Corp.*, 2011 WL 2650200, at *3 (E.D.N.Y. July 6, 2011)

---

[1] Ernest, Watson and Landry are located in Louisiana. Lauricella is now located in North Carolina and, after September 1, 2012, she will be located in Louisiana. Jacques is located in Arizona. (Ex. B.)

(commenting that, if the defendants had timely disclosed the witness's names and if the plaintiff had failed to depose the witness, the defendants would have had a stronger argument justifying a need to take the depositions after fact discovery closed).

10. Since trial will not be held until the week of April 8, 2013, counsel will have ample time to complete the depositions in September and October of this year. *Sepracor Inc.*, 2009 WL 2970467, at *1 (allowing two depositions to proceed, which were sought after the close of discovery, but not particularly close to trial). This is well before the pre-trial order is due to the Court in March 2013. (D.I. 208.) To the extent that travel costs are a concern, counsel may attend the depositions remotely if they wish using Skype, video or telephone.

11. By comparison, if these depositions do not go forward, Mr. Newton will be deprived of the opportunity to present relevant testimony favorable to his defenses at trial. *Cf. Burket*, 2008 WL 1741875, at *3 (noting the importance of allowing the plaintiffs to present the testimony of a witness that they believed would be favorable to their claims at trial). Mr. Newton should be permitted to preserve and present the testimony of his witnesses at trial through *de bene esse* depositions.

12. On balance, the purpose for which these depositions are sought, the unavailability of the witnesses and the lack of prejudice to Coface all weigh decidedly in favor of allowing Mr. Newton to proceed with the *de bene esse* depositions. Therefore, Mr. Newton respectfully requests that the Court grant this motion.

## CONCLUSION

For all of the reasons set forth herein, Mr. Newton respectfully requests that this Court grant Mr. Newton leave to take the *de bene esse* depositions of the Former Coface Employees.

                                          MORRIS JAMES LLP

                                          /s/ Edward M. McNally
                                          Edward M. McNally (#614)
                                          Corinne Elise Amato (#4982)
                                          500 Delaware Avenue, Suite 1500
                                          Wilmington, DE 19801
                                          (302) 888-6800
                                          emcnally@morrisjames.com
                                          camato@morrisjames.com
                                          Attorneys for Defendant William J. Newton

Dated: August 10, 2012

## DEFENDANT'S RULE 7.1.1 STATEMENT

Counsel for the defendant, William J. Newton, hereby states that she contacted opposing counsel by telephone and email in an effort to resolve the issues raised in the Motion for Leave to Take *De Bene Esse* Depositions of Witnesses Unavailable for Trial but to no avail.

Dated: August 10, 2012

Corinne Elise Amato (#4982)