### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COFACE COLLECTIONS NORTH AMERICA, INC., | : :  : |
| Plaintiff, | : : |
| v. | : C.A. No. 11-00052-LPS : |
| WILLIAM J. NEWTON, | : : : |
| Defendant. | : |

### MEMORANDUM ORDER

**I.  INTRODUCTION**

Defendant William J. Newton ("Defendant") seeks a jury trial on the following claims asserted in Coface Collections North America, Inc.'s ("Plaintiff") Amended Complaint (D.I. 44): (1) Misappropriation of Trade Secrets; (2) Unfair Competition; and (3) Conversion. Plaintiff's claims rely largely on the Asset Purchase Agreement ("APA") executed by Plaintiff, as the buyer, and Defendant, as the sellers' representative. (D.I. 164 at A1-A77) Defendant argues that he has not waived his right to a jury trial with regard to the three claims listed above because the Jury Trial Waiver contained in the APA is not broad enough to cover these claims. For the reasons stated below, the Court will strike the parties' jury demands. The trial on all remaining claims will be a bench trial.

**II.  THE PARTIES' AGREEMENTS**

The Jury Trial Waiver provision of the APA states:

> Each party hereto acknowledges and agrees that any controversy which may arise under this Agreement is likely to involve complicated and difficult issues, and therefore ***it hereby irrevocably and unconditionally waives any right it may have to a trial by jury in respect of any litigation directly or indirectly***

> *arising out of or relating to this Agreement and any of the agreements delivered in connection herewith* or the Contemplated Transactions. Each party hereto certifies and acknowledges that (i) no representative, agent or attorney of any other party has represented, expressly or otherwise, that such other party would not, in the event of litigation, seek to enforce such waiver, (ii) it understands and has considered the implications of such waiver, (iii) it makes such waiver voluntarily, and (d) [sic] it has been induced to enter into this agreement by, among other things, the mutual waivers and certifications in this Section 11.10(b).

APA § 11.10(b) (D.I. 164 at A72) (emphasis added).

Plaintiff's three claims listed above are based on the APA and also, in part, on Defendant's Employment Agreement (D.I. 164 at A83-A89) with Plaintiff. Defendant does not dispute that the Employment Agreement is an "agreement[] delivered in connection" with the APA, making any claim "directly or indirectly arising out of or relating to" the Employment Agreement subject to the Jury Trial Waiver. (*See* D.I. 211 at 7; D.I. 212 at 3)[1] Defendant further acknowledges that the Jury Trial Waiver in the APA is valid. (D.I. 211 at 5; D.I. 212 at 3)[2]

---

[1] During the August 28, 2012 hearing on this dispute, Defendant conceded that the Employment Agreement is an agreement delivered in connection with the APA and, consequently, any claim arising out of or relating to the Employment Agreement is subject to the Jury Trial Waiver. (Transcript of Aug. 28, 2012 hearing ("Tr.") at 19-20)

[2] "As a general matter, courts construe jury trial waivers narrowly and indulge every reasonable presumption against waiver." *In re DaimlerChrysler AG Sec. Litig.*, 2003 WL 22769051, at *2 (D. Del. 2003), *aff'd*, 502 F.3d 212 (3d Cir. 2007) (internal quotation marks omitted). However, jury trial waivers are routinely enforced, and broadly worded waivers are interpreted broadly, according to their plain meaning. *See id.* (enforcing a broad jury trial waiver). The right to a jury trial "can be waived by contract if the waiver is knowing, voluntary and intelligent." *Id.* "In determining whether a waiver was entered into knowingly, intentionally and voluntarily, courts consider such factors as: (1) the negotiability of the contract terms; (2) any disparity in bargaining power between the parties; (3) the business acumen of the party opposing the waiver; and (4) the conspicuousness of the jury waiver provision." *Id.* Here, both parties participated in drafting the terms of the APA, as acknowledged in APA § 11.12. Defendant was the head of the business that Plaintiff acquired, and there was no significant disparity in bargaining power. Defendant possessed sufficient business acumen, and the Jury Trial Waiver

Therefore, the Court must determine, for each of the three claims at issue, whether the claim "directly or indirectly aris[es] out of or relat[es] to" the APA or the Employment Agreement. The Court turns to these matters below.

### III. THE JURY TRIAL WAIVER PROVISION APPLIES TO THE THREE CLAIMS

#### A. Unfair Competition

Under Delaware law, the "essential element separating unfair competition from legitimate market participation . . . is an unfair action on the part of defendant by which he prevents plaintiff from legitimately earning revenue." *Accenture Global Servs. GMBH v. Guidewire Software Inc.*, 581 F. Supp. 2d 654, 666 (D. Del. 2008) (internal quotation marks omitted). The "elements of the tort of unfair competition are that the plaintiff has a reasonable [business] expectancy . . . , with which the defendant wrongfully interferes, and thereby defeats the plaintiff's legitimate expectancy and causes him harm." *Id.* (internal quotation marks omitted).

In the APA, Defendant agreed to the following:

> For a period of five (5) years commencing on the Closing Date [September 29, 2006] (the "**Noncompete Period**"), [Defendant] shall not directly or indirectly own, have an interest in . . . , operate, join, control, or participate in, or be connected with as an officer, employee, director, proprietor, member, manager, partner, investor, creditor, adviser, sales representative, agent, consultant or otherwise with, any business similar to or competitive with the Business (a "**Restricted Business**") anywhere in the world.

APA § 7.1(a).

Defendant also agreed that, during the Noncompete Period, he would not directly or

---

was no less conspicuous than any other part of the APA. Indeed, it was contained in a section entitled "Jurisdiction and Forum; Waiver of Jury Trial." (D.I. 164 at A72) Accordingly, the Jury Trial Waiver provision is valid.

indirectly:

> (i) hire, offer to hire, divert, entice away, solicit or in any other manner persuade, or attempt to do any of the foregoing ("**Solicit**") any person who is an officer or employee of [Plaintiff] or its subsidiaries or a Business Employee, officer, agent or consultant to the Sellers to terminate such person's employment with [Plaintiff] or its subsidiaries or accept employment with a third party, or to engage in any of the activities hereby prohibited under Section 7.1(a) above, or subparagraph (ii) below; or
>
> (ii) Solicit (A) any actual or prospective customer of [Plaintiff] or its subsidiaries to become a customer of any third party engaged in a Restricted Business or (B) any customer, supplier, licensee, licensor, consultant or other business relation to cease doing or materially reduce its business with [Plaintiff] or its subsidiaries.

APA § 7.1(b); *see also* Employment Agreement (D.I. 164 at A86) (containing similar provisions).

Plaintiff alleges that Defendant violated both of these provisions of the APA before the end of the Noncompete Period. Plaintiff also alleges that Defendant, by these violations, prevented Plaintiff from legitimately earning revenue. Thus, Plaintiff has alleged an unfair competition claim that arises at least indirectly from and relates to the APA. Therefore, the Jury Trial Waiver provision applies, and Defendant is not entitled to a jury trial on this claim.

### B. Misappropriation Of Trade Secrets

The Delaware Uniform Trade Secrets Act ("DUTSA") states:

> "Trade secret" shall mean information, including a formula, pattern, compilation, program, device, method, technique or process, that:
>
> > (a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from

>>its disclosure or use; and
>
>>(b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

6 Del. C. § 2001(4). Misappropriation of a trade secret includes "[d]isclosure or use of a trade secret of another without express or implied consent" by someone who "[a]t the time of disclosure or use, knew or had reason to know" that his information regarding the trade secret was "[a]cquired under circumstances giving rise to a duty to maintain its secrecy or limit its use." 6 Del. C. § 2001(2)(b)(2)(B).

>The Confidential Information Provision of the Employment Agreement provides:
>
>>[Defendant] acknowledges that the information, observations and data (including ***trade secrets***) obtained by him or her while employed by [Plaintiff] . . . ("<u>Confidential Information</u>") are the property of [Plaintiff] . . . . Therefore, [Defendant] agrees that he shall not disclose to any unauthorized person or use for his or her own purposes any Confidential Information without the prior written consent of the Board, unless and to the extent that the Confidential Information becomes generally known to and available for use by the public other than as a result of [Defendant's] acts or omissions. [Defendant] shall deliver to [Plaintiff] at the termination or expiration of the Employment Period, or at any other time [Plaintiff] may request, all memoranda, notes, plans, records, reports, computer tapes, printouts and software and other documents and data (and copies thereof) embodying or relating to the Confidential Information . . . or the business of [Plaintiff] . . . which he may then possess or have under his or her control.

(D.I. 164 at A85) (emphasis added)  The Employment Noncompete Provision of the Employment Agreement provides:

> [Defendant] acknowledges that in the course of his or her employment with [Plaintiff] . . . he shall and/or has become familiar with [Plaintiff's] *trade secrets* and with other Confidential Information concerning [Plaintiff] . . . . Therefore, [Defendant] agrees that, during the Employment Period *and for the greater of (i) five (5) years following the date hereof* and (ii) two years following the termination of the Employment Period (the "Noncompete Period"), he will not [compete with Plaintiff].

(D.I. 164 at A85-86) (emphasis added) As the Employment Agreement is dated September 29, 2006, Defendant was required to abide by the terms of the Employment Noncompete Provision until at least September 29, 2011 – despite the fact that Defendant served as Plaintiff's employee only until January 1, 2009. (D.I. 163 at 6)[3]

Plaintiff alleges that Defendant began misappropriating its trade secrets before September 29, 2011, during the time that the Employment Noncompete Provision was in effect. Plaintiff alleges that during that time: (1) Plaintiff was in possession of and had property rights to trade secrets that had value because they were not readily or properly available to the general public; (2) Plaintiff took precautions, as evidenced by the Employment Agreement itself, to protect the secrecy of this information; and (3) Defendant acquired the trade-secret information under circumstances that required him to maintain its secrecy. Accordingly, Plaintiff's trade secrets claim arises at least indirectly from and relates to the Employment Agreement. Therefore, the Jury Trial Waiver provision applies, and Defendant is not entitled to a jury trial on this claim.

---

[3]The Employment Agreement explicitly states that the Confidential Information Provision and the Employment Noncompete Provision "shall survive and continue in full force in accordance with their terms *notwithstanding the expiration or termination of the Employment Period or this Agreement*." (D.I. 164 at A87; *see also* D.I. 212 at 4) (the "Survival Provision") (emphasis added) Therefore, it is irrelevant that the three claims accrued after the termination of the Employment Agreement. (*See* Tr. at 20)

### C. Conversion

"Conversion is an act of dominion wrongfully exerted over the property of another, in denial of his right, or inconsistent with it." *Arnold v. Soc'y for Sav. Bancorp, Inc.*, 678 A.2d 533, 536 (Del. 1996) (internal quotation marks omitted). Thus, in order to prevail on its conversion claim, Plaintiff must demonstrate that it had a property interest in the converted property (its Customer Data and Comm Biz Reports) and that it had a right to possess it.

The provisions of the Employment Agreement cited above in connection with Plaintiff's trade secrets claim establish the following:

- The Customer Data and Comm Biz Reports qualify as Confidential Information;

- Insofar as these items were Confidential Information, Plaintiff had a property interest in and possessed these items;

- Insofar as these items were Confidential Information, Plaintiff had the contractual right to request that Defendant return the Customer Data and Comm Biz Reports at any time; and

- Insofar as these items were Confidential Information, Defendant acted contrary to Plaintiff's contractual right to require that Defendant obtain permission from Plaintiff before using these items for his own purposes.

Therefore, Plaintiff's conversion claim at least indirectly arises from and relates to the Employment Agreement. Accordingly, the Jury Trial Waiver provision applies, and Defendant is not entitled to a jury trial on this claim.

### IV. DEFENDANT'S ARGUMENTS

Defendant emphasizes that Plaintiff included a jury trial demand in its Amended

Complaint. (D.I. 44) This does not alter the outcome. When a party demands a jury trial, the trial on the relevant issues must be by jury *unless* "the court . . . finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. Proc. 39(a)(2). Since Defendant has waived his right to a jury trial on the three claims, Defendant does not have a federal right to a jury trial on these claims. "[A]s [Defendant] had no independent right to a jury, [Plaintiff's] demand did not abrogate [Defendant's] waiver and permit it to rely." *Quinn Constr., Inc. v. Skanska USA Bldg., Inc.*, 2010 WL 4909587, at *4 (E.D. Pa. Nov. 30, 2010). Neither does Plaintiff have such a right – the Jury Trial Waiver applied to all parties to the APA. Therefore, Defendant could not have relied on Plaintiff's jury demand as a basis for obtaining a jury trial.[4]

Defendant argues that, at the time the APA was signed in 2006, the parties would not have anticipated the three claims now at issue, which only arose in 2010. Therefore, in Defendant's view, the Jury Trial Waiver provision cannot apply to these claims. (Tr. at 15, 17) Yet the Jury Trial Waiver provision is neither expressly nor implicitly limited to claims that could have been anticipated. To the contrary, it broadly applies to "any litigation directly or indirectly arising out of or relating to this Agreement and any of the agreements delivered in connection herewith or the Contemplated Transactions," which – as already explained – is sufficiently broad to encompass the three claims at issue. In any event, the parties did, in fact, contemplate ongoing obligations including that Defendant would not unfairly compete, misappropriate trade secrets, or wrongfully convert Plaintiff's property. To the extent anticipation of claims is at all relevant, the Court is satisfied that the parties did, indeed,

---

[4]Defendant conceded during the hearing that "if [Defendant] has waived a jury trial, asserting a jury demand does not bring back a right he has waived." (Tr. at 14)

contemplate prohibiting Defendant from engaging in just the type of conduct in which he is alleged to have engaged.

Finally, Defendant argued in his brief that if Plaintiff's claims are construed as arising in connection with the Employment Agreement, Plaintiff is required to arbitrate them. (D.I. 211 at 8) However, Defendant has not moved to dismiss this case based on a requirement to arbitrate (*see* Tr. at 22), and such a motion would be untimely. Therefore, the only relevance of the arbitration provisions in the Employment Agreement and Consulting Agreement is that they provide further confirmation that the parties – including Defendant – anticipated that disputes that might arise between them would not be resolved through a jury trial.

## VI.   CONCLUSION

Accordingly, for the reasons stated above, the Court concludes that Defendant (like Plaintiff) has waived his right to a jury trial with regard to Plaintiff's claims of (1) Misappropriation of Trade Secrets, (2) Unfair Competition, and (3) Conversion. **IT IS, THEREFORE, HEREBY ORDERED** that the parties' jury demands are **STRICKEN**. The remaining issues of liability and damages will be tried to the bench.

August 31, 2012

UNITED STATES DISTRICT JUDGE