IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COFACE COLLECTIONS NORTH AMERICA, INC., | : : : | |
| Plaintiff, | : : | |
| v. | : : | C.A. No. 11-52-LPS |
| WILLIAM J. NEWTON, | : : : | |
| Defendant. | : | |

## MEMORANDUM ORDER

Pending before the Court is Defendant's Motion For Leave To Take *De Bene Esse* Depositions. (D.I. 217)

1. This action was instituted by Plaintiff to enforce a restrictive covenant contained in an Asset Purchase Agreement between the parties for the sale of a debt collection business.

2. In addition to other claims, Plaintiff seeks compensation for losses sustained due to multiple employees leaving Plaintiff, purportedly at the impetus of Defendant. (D.I. 44 ¶ 34) Those employees are Harold J. Ernest, Mary Ellen Jacques, Theresa Janae Lauricella, John William Watson, and Corries Marie Landry (collectively, the "Former Coface Employees"). (D.I. 217 ¶ 2 at 1)

3. In response to Plaintiff's Motion for Summary Judgment, Defendant produced affidavits from each of the Former Coface Employees, indicating that each left Coface's employment because of dissatisfaction with Plaintiff rather than solicitation by Defendant. (D.I. 164 Ex. A-483–97)

4. Defendant now, after the close of discovery, seeks leave to take *de bene esse*

depositions[1] of the Former Coface Employees because they are all beyond the Court's subpoena powers[2] and each has indicated that they will be unable to attend the trial. (D.I. 217 Ex. B) Plaintiff opposes Defendant's motion on the grounds that discovery has closed, the decision not to take these depositions during discovery was a tactical decision on the part of Defendant, and the information sought is irrelevant. (D.I. 220)[3]

5. While the Federal Rules of Civil Procedure make no distinction between depositions taken for discovery and depositions taken for trial purposes, *see* Fed. R. Civ. Proc. 32, many courts have recognized such a distinction and held that the latter (i.e., *de bene esse* depositions, "preservation depositions," or "trial depositions") may be taken after the close of discovery. *See, e.g., Charles v. Wade*, 665 F2d 661, 664 (5th Cir. 1982) ("Although the discovery period had indeed closed . . . the requested deposition would not have been taken for purposes of discovery but as the testimony of a witness unavailable for trial. . . . The distinction is a valid one."); *Chrysler Int'l Corp. v. Chemaly*, 280 F. 3d 1358, 1362 (11th Cir. 2002) ("In allowing or disallowing a deposition to be taken for use at trial . . . the district court can make that time limit the same as the time limit for discovery depositions."); *RLS Assoc., LLC v. United Bank of Kuwait PLC*, 2005 WL 578917, at *6–8 (S.D.N.Y. Mar. 11, 2005); *but see George v.*

---

[1] *De bene esse* depositions are not listed in the Federal Rules of Civil Procedure but are understood by courts to mean depositions that will be used to preserve testimony for trial rather than to discover new information. *See Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 354 (D. Colo. 2001) ("[I]f a party can present the testimony of a witness only by means of a deposition, the taking of that deposition would be for a different purpose than the taking of a discovery deposition . . . .") (citing *Charles v. Wade*, 665 F.2d 661, 664 (5th Cir. 1982)). *De bene esse* depositions are sometimes referred to as "preservation depositions" or "trial depositions."

[2] All of the Former Coface Employees reside more than 100 miles from this courthouse. (D.I. 217 ¶ 8 at 3; *see also* Fed. R. Civ. Proc. 45(c)(3)(A)(ii))

[3] As the Court has stated previously, the Court views the testimony of the Former Coface Employees to be relevant. (*See* D.I. 199 (May 17, 2012 Hearing Tr.) at 6)

*Ford Motor Co.*, 2007 WL 2398806, at *12 (S.D.N.Y. Aug. 17, 2007) ("[B]oth discovery and *de bene esse* depositions are governed by the scheduling order set by the Court, and may not be conducted after the close of discovery absent good cause to modify that order.") (internal quotation marks omitted).

6. Factors to be considered in granting a *de bene esse* deposition after the close of discovery are: the unavailability of the witness to appear at trial; whether the deposing party knew of the information the potential witness would testify to prior to the deposition; and whether the opposing party will be prejudiced by granting the deposition – with special attention given to the question of prejudice. *See Estate of Gee v. Bloomington Hosp. & Health Care Sys., Inc.*, 2012 WL 729269, at *6 (S.D. Ind. Mar. 6, 2012). Applying these factors here results in the conclusion that Defendant should be permitted leave to conduct *de bene esse* depositions of the Former Coface Employees.

7. The Former Coface Employees are not available for trial. They are all beyond the subpoena power of the Court, and they have all indicated that they will be unable to make the long trip from their respective homes to this courthouse.

8. The testimony Defendant seeks to preserve as to the reasons the Former Coface Employees left Plaintiff has been known by Defendant since September 2011 and by Plaintiff since shortly thereafter. (*See, e.g.*, D.I. 164 Ex. A-483–97 (Plaintiff's Motion for Summary Judgment, attaching affidavits of Former Coface Employees))

9. Plaintiff will not be prejudiced by these depositions. Plaintiff will be in no worse position than it would have been had the Former Coface Employees testified at trial. Also, Plaintiff is already privy to the substance of the witness testimony that Defendant intends to preserve. Moreover, the trial date is several months away, providing adequate time to conduct

the depositions without handicapping either party in its trial preparation.

10. Alternatively, to the extent Defendant's have to show good cause to modify the Scheduling Order to permit the post-discovery *de bene esse* depositions, they have done so, for the same reasons already described above.

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that:

1. Defendant's request for leave to take *de bene esse* depositions of the Former Coface Employees (D.I. 217) is **GRANTED**. Defendant shall take the depositions **no later than February 8, 2013**.

2. Plaintiff's request that Defendant pay all Plaintiff's costs and attorney's fees associated with preparing for and attending depositions herein ordered (D.I. 220) is **DENIED**.

December 28, 2012

UNITED STATES DISTRICT JUDGE